UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OSCAR CAYETANO-CASTILLO,
Petitioner,
v.
WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, et al.,
Respondents.

Case No.: 26cv5300-LL-JLB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 8]

Presently before the Court is Petitioner Oscar Cayetano-Castillo's ("Petitioner") Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 8 ("Pet."). Respondents filed a Response [ECF No. 9], and Petitioner filed a Traverse [ECF No. 10]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I. BACKGROUND

Petitioner is a citizen of Mexico, who entered the United States without inspection around June 2, 2023. Pet. at 3; ECF No. 8, Decl. of Oscar Cayetano-Castillo ("Cayetano-Castillo Decl." ¶ 1). Since 2023, Petitioner has continuously lived in the United States and has no criminal history. Pet. at 3–4; Cayetano-Castillo Decl. ¶¶ 1, 4.

/ / /

/ / /

On August 14, 2026, Petitioner was at work in Baltimore, Maryland, when Immigration and Customs Enforcement ("ICE") was arresting people across the street from his workplace. Pet. at 4; Cayetano-Castillo Decl. ¶ 5. During the arrests, individuals ran towards Petitioner's place of work with ICE following in pursuit. Pet. at 4; Cayetano-Castillo Decl. ¶ 5. As a result, ICE encountered Petitioner, questioned him, and subsequently took him into custody. Pet. at 4; Cayetano-Castillo Decl. ¶ 5. Petitioner alleges that ICE did not present a Form I-200 Administrative Warrant to him at the time of his arrest. Pet. at 4; Cayetano-Castillo Decl. ¶ 5. Petitioner was then transferred to Imperial Regional Detention Facility, where he remains detained. *See generally* Pet.

On September 15, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. On September 16, 2026, the Court conditionally appointed counsel and set a briefing schedule. *See* ECF No. 2. On September 26, 2026, Petitioner filed the instant Amended Petition, alleging that the government's "warrantless arrest of Mr. Cayetano-Castillo was unlawful" and, thus, it "lacked statutory authority" to detain him. Pet. at 3. Petitioner seeks a writ of habeas corpus directing Respondents to immediately release him from custody. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus to a petitioner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'").

## III. DISCUSSION

In his Amended Petition, Petitioner claims that his arrest was unlawful because ICE (1) failed to issue a warrant before arresting him; and (2) "[w]ithout a warrant in existence at the time of seizure, the officers had to satisfy § 1357(a)(2)'s separate requirements of probable cause of unlawful presence and probable cause that Mr. Cayetano-Castillo was likely to escape before a warrant could be obtained," which ICE also failed to show. Pet. at 5–6. In their Response, Respondents contend that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and "able to request a bond hearing before an immigration judge," rendering his claims moot. ECF No. 9 at 2. Respondents further argue that Petitioner "must exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals before seeking relief before this Court." *Id.* at 3.

### A. Mootness

"The doctrine of mootness ensures a federal court presides only over those actions that present 'a case or controversy under Article III, § 2 of the Constitution.'" *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1158 (S.D. Cal. 2025) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (quoting *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)). "The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot[.]"*Cortez Trujillo v. Marquardt*, No. 26-CV-04665-LEK-MSB, 2026 WL 2906033, at *2 (S.D. Cal. Sep. 25, 2026) (emphasis in original).

Here, Respondents argue Petitioner's claim is moot as he "is receiving the relief he is entitled to" and "there is no further controversy for this Court to resolve" because "Petitioner is able to request a bond hearing before an immigration judge," which was scheduled, then withdrawn by Petitioner. ECF No. 9 at 2–3. But, as Petitioner asserts in his

Amended Petition, "[a] bond hearing [under 8 U.S.C. § 1226(a)] does not provide the proper remedy for [the violation of a warrantless arrest] because it cannot supply the arrest authority that was absent when detention began." Pet. at 12; *see also Diaz Escalante v. LaRose*, No. 26-CV-04259-LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 18, 2026). Because Petitioner is still detained and contests the lawfulness of his warrantless arrest, the Court finds that his Amended Petition is not moot.

**B. Exhaustion**

Next, Respondents claim that "as Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a), he must exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals before seeking relief before this Court." *Id.* The Court disagrees.

There is no statutory requirement under 28 U.S.C. § 2241 to exhaust administrative remedies before filing a petition for a writ of habeas corpus. *See Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (citation omitted). But the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Id.* (alteration in original) (citation omitted). A court has discretion to waive a prudential exhaustion requirement. *Id.* Such exceptions include situations "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). A petitioner seeking to waive the prudential exhaustion requirement must show that at least one of the *Laing* factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

The Court finds that Petitioner has met his burden to show that pursuit of administrative remedies would not provide him with an adequate or effective means of obtaining the relief he seeks. In a bond hearing under 8 U.S.C. § 1226(a), an immigration judge's ("IJ") scope is limited to determining a noncitizen's danger to the community or risk of flight. *See Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) ("Under Subsection

A—the default detention provision—a noncitizen is entitled to a bond hearing at which the IJ considers whether the noncitizen is a flight risk or a danger to the community." (citations omitted)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1). Here, Petitioner challenges the statutory authority for his arrest and detention based on the Immigration and Naturalization Act's ("INA") warrant requirement. *See generally* Pet. "A post-hoc bond hearing where the [IJ] would only consider [a petitioner's] potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant." *Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034, at *2 (E.D. Cal. Aug. 7, 2026). Accordingly, the Court waives prudential exhaustion and turns to the merits of Petitioner's Amended Petition.

### C. Warrantless Arrest Under Section 1226(a)

Petitioner alleges that "Respondents lacked statutory authority to arrest" him because "the statute required either a warrant at the time of Mr. Cayetano-Castillo's arrest under § 1226(a) or probable cause of unlawful presence and escape under § 1357(a)(2)." Pet. at 3, 9. The Government is silent on this issue. *See generally* ECF No. 9.

As a threshold matter, it is undisputed that Petitioner is subject to the discretionary detention procedures of 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see also* ECF No. 9 at 1–2. Accordingly, the Court turns to Petitioner's contention that he is entitled to immediate release. Pet. at 3.

Section 1226(a) provides, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Section 1357 limits the power immigration authorities may exercise to execute a warrantless arrest:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, *or* to arrest any alien in the United States, *if* he has *reason to believe* that the alien so arrested is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2) (emphasis added). "The 'reason to believe' requirement is the equivalent of 'the constitutional requirement to probable cause.'" *M-J-M-A- v. Hermosillo*, 822 F. Supp. 3d 1147, 1172 (D. Or. 2026) (quoting *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)). The corresponding implementing regulation is 8 C.F.R. § 287.8, which further demands "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). The regulation also provides that "[w]ith respect to an alien arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Section 287(a)(2) is codified as 8 U.S.C. § 1357(a)(2). Upon arresting a noncitizen without a warrant:

> a determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or

> recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

Several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante*, 2026 WL 2364792, at *4 (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained"); *Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27, 2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time of the arrest* and particular to the person to be arrested." (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

This Court agrees with the reasoning in *M-J-M-A*, *Diaz Escalante*, and *Castro Chivalan*.[1] Section 1357(a)(2) requires both that the arresting immigration officer have

---

[1] The Court recognizes it has previously noted generally that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody."

"reason to believe" that the noncitizen is (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the alien is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to arrest them without a warrant or an individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 C.F.R. § 287.3(c)(2)(ii))).

Assuming—without deciding—that the arresting officer had probable cause to believe Petitioner was unlawfully present in the United States, the record before the Court lacks any evidence that the agent conducting arrests across the street from Petitioner's workplace had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). In fact, the evidence supports the opposite conclusion. For the past three years, Petitioner has continuously resided in the United States, built a life for himself and his partner, worked as a products buyer and delivery man in Maryland, and has no criminal history. *See* Pet. at 3–4; Cayetano-Castillo Decl. ¶¶ 1, 4. Additionally, ICE was not aware of, nor were they in search of Petitioner when they encountered him at his place of employment, conducting

---

*Villanueva Gonzalez v. Larose*, 26cv3180-LL-VET, 2026 WL 2076145, at *1 (S.D. Cal. July 17, 2026); *see also Garcia-Juarez v. Blanche*, No. 26cv3007-LL-DEB, ECF No. 18 at 3 (S.D. Cal. June 30, 2026) (same). However, in light of the Ninth Circuit's subsequent holding in *Rodriguez Vazquez*, which made clear that noncitizens arrested in the interior of the United States are subject to the procedures set forth in 8 U.S.C. § 1226(a), the Court disagrees that a post hoc warrant issued within forty-eight hours can cure a warrantless arrest that does not comply with 8 U.S.C. § 1357(a)(2).

his usual duties and responsibilities. Indeed, ICE was in search of another person named Marta Hernandez De Salazar, not Petitioner. *See* Pet. at 4; Cayetano-Castillo Decl. ¶ 5; ECF No. 8, Ex. B at 2. Thus, the only basis for arresting Petitioner was Respondents' apparent belief that he was unlawfully present in the United States. But the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Therefore, Respondents' warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Furthermore, while Respondents do not attempt to justify the validity of Petitioner's warrantless arrest by pointing to the post-hoc issuance of an administrative warrant, the Court finds that compliance with 8 C.F.R. § 287.3(d) within forty-eight hours following a noncitizen's arrest fails to effectively "cure" a prior warrantless arrest made in violation of Section 1357(a)(2). Section 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Notably, "[S]ection 287(a)(2) of the Act" refers to 8 U.S.C. § 1357(a)(2)—the provision outlining exceptions to the warrant requirement. *See* 8 C.F.R. § 287.3(a); *see also* 8 U.S.C. § 1357(a)(2). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in [Section 1357(a)(2)]," he or she has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained." 8 C.F.R. §§ 287.3(a), (d). Read together, the arresting agent must first make a *lawful* warrantless arrest under Section 1357(a)(2) *and then* follow the procedures outlined in 8 C.F.R. § 287.3(a)–(d). *See Diaz Escalante*, 2026 WL 2364792, at *4 ("In any event, compliance with the procedural requirements under Section 287.3 says nothing about whether the preceding arrest itself complied with Section 1357(a)(2), and the regulation itself presumes a noncitizen's arrest is made consistent with the statute." (citation omitted)). Although Respondents issued a

warrant the same day as Petitioner's arrest, the initial arrest was unlawful and, thus, cannot be cured by a warrant after the fact. *See generally* ECF No. 8, Ex. C; *see also M-J-M-A*, 822 F. Supp. 3d at 1158 ("An arrest cannot be justified after the fact."); *Martinez Alaniz*, 2026 WL 3091261, at *3 ("This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." (internal quotation marks and citation omitted)).

Therefore, the Court finds that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and, thus, does not justify his continued detention. Because providing Petitioner a bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9, 2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus and **ORDERS** that Respondents immediately release Petitioner from custody. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: October 30, 2026

Honorable Linda Lopez
United States District Judge